**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------
SHIVA STEIN,                              :
                                          :
              Plaintiff,                  :    Civil Action No. 1:21-cv-2901
                                          :
v.                                        :    COMPLAINT FOR VIOLATIONS OF
                                          :    SECTIONS 14(a) AND 20(a) OF THE
PEOPLE'S UNITED FINANCIAL, INC.,          :    SECURITIES EXCHANGE ACT OF
JOHN P. BARNES, COLLIN P. BARON,          :    1934
GEORGE CARTER, JANE CHWICK,               :
WILLIAM F. CRUGER, JOHN K. DWIGHT,        :    JURY TRIAL DEMANDED
JERRY FRANKLIN, JANET M. HANSEN,          :
NANCY MCALLISTER, MARK                    :
RICHARDS, and KIRK W. WALTER,             :
                                          :
              Defendants.                 :
--------------------------------------------------------  :
```

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.     This is an action brought by Plaintiff against People's United Financial, Inc. ("People's United" or the "Company") and the members People's United's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between People's United and M&T Bank Corporation and its affiliates ("M&T").

2.     Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on April 1, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Bridge Merger Corp. ("Merger Sub"), a wholly owned subsidiary of M&T, will merge with and into People's United with People's United surviving that transaction; and (ii) immediately following the effective time of the first merger, People's United will then merge with and into M&T, with M&T as the surviving entity (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each People's United stockholder will receive 0.118 of a share of M&T common stock (the "Merger Consideration").

3.      As discussed below, Defendants have asked People's United's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisors KBW Securities ("KBW") and J.P. Morgan Securities LLC ("J.P. Morgan" and together with KBW, the "Financial Advisors") in support of their fairness opinions.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to People's United's stockholders or, in the

event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because of the transactions that took place in this District and Defendants transact business in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of People's United stocks and has held such stocks since prior to the wrongs complained of herein.

10.      Individual Defendant John P. Barnes has served as a member of the Board and Chief Executive Officer since July 2010 and as Chairman of the Board since June 2018.

11.      Individual Defendant Colin P. Baron has served as a member of the Board since 2001.

12.      Individual Defendant George Carter has served as a member of the Board since 1976 and is the Lead Director of the Board.

13.     Individual Defendant Jane Chwick has served as a member of the Board since September 2017.

14.     Individual Defendant William F. Cruger has served as a member of the Board since September 2014.

15.     Individual Defendant John K. Dwight has served as a member of the Board since January 2008.

16.     Individual Defendant Jerry Franklin has served as a member of the Board since 1985.

17.     Individual Defendant Janet M. Hansen has served as a member of the Board since 2004.

18.     Individual Defendant Nancy McAllister has served as a member of the Board since September 2013.

19.     Individual Defendant Mark Richards has served as a member of the Board since January 2008.

20.     Individual Defendant Kirk W. Walters has served as a member of the Board since March 2011.

21.     Defendant People's United is a Delaware corporation and maintains its principal offices at 850 Main Street, Bridgeport, Connecticut 06604.  The Company's stock trades on the NASDAQ Stock Exchange under the symbol "PBCT."

22.     The defendants identified in paragraphs 10-20 are collectively referred to as the "Individual Defendants" or the "Board."

23.     The defendants identified in paragraphs 10-21 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.**    **The Proposed Transaction**

24.    People's United operates as the bank holding company for People's United Bank, National Association that provides commercial banking, retail banking, and wealth management services to individual, corporate, and municipal customers. The Commercial Banking segment offers commercial deposit products, commercial real estate lending, middle market and business banking, equipment financing, mortgage warehouse and asset-based lending, treasury management services, and capital market capabilities. The Retail Banking segment offers consumer lending, including residential mortgage and home equity lending; and consumer deposit gathering services. This segment also provides brokerage, financial and investment advisory, investment management, life insurance, financial management and planning, and non-institutional trust services. In addition, the Company offers cash management, municipal banking, online banking, investment trading, and telephone banking services. It operates through a network of 417 branches in Connecticut, southeastern New York, Massachusetts, Vermont, Maine, and New Hampshire, as well as 631 ATMs. The Company was founded in 1842 and is headquartered in Bridgeport, Connecticut.

25.    On February 22, 2021, the Company and M&T jointly announced the Proposed Transaction:

> BUFFALO, N.Y. and BRIDGEPORT, Conn., Feb. 22, 2021 /PRNewswire/ - - M&T Bank Corporation (NYSE: MTB) ("M&T") and People's United Financial, Inc. (NASDAQ: PBCT) ("People's United") announced today that they have entered into a definitive agreement under which M&T will acquire People's United in an all-stock transaction.
>
> The combined company will create a diversified, community-focused banking franchise with approximately $200 billion in assets and a network of more than 1,100 branches and over 2,000 ATMs that spans 12 states from Maine to Virginia and the District of Columbia. The combined franchise will

operate across some of the most populated and attractive banking markets in the U.S. As part of the transaction, People's United's current headquarters in Bridgeport, Connecticut will become the New England regional headquarters for M&T, further strengthening the combined company's commitment to Connecticut and the region.

Under the terms of the agreement, People's United shareholders will receive 0.118 of a share of M&T common stock for each People's United share they own. Following completion of the transaction, former People's United shareholders will collectively own approximately 28% of the combined company. The implied total transaction value based on closing prices on February 19, 2021 is approximately $7.6 billion.

"In People's United, we have found a partner with an equally long history of serving and supporting customers, businesses and communities," said René Jones, chairman and chief executive officer of M&T, who will lead the combined company in the same capacity. "Combining our common legacies and our complementary footprints will strengthen our ability to serve our communities and customers, and provide solutions that make a difference in people's lives. I am incredibly excited about this opportunity and look forward to welcoming new customers and team members to our M&T family."

"M&T is a like-minded partner that shares our culture of supporting communities by focusing on building meaningful relationships and providing personalized products, services and local market expertise to customers, while building on our legacy of excellence in service," said Jack Barnes, chairman and chief executive officer of People's United. "The merger extends our reach by providing customers access to a larger banking network and an expanded array of services. I am confident our shared community banking philosophies will provide significant long-term value for our shareholders, employees and loyal customers."

**Key attractions of the proposed transaction**

- **Unique strategic position and enhanced platform for growth:** The merger will create the leading community-focused commercial bank in the Northeast and Mid-Atlantic regions, with the scale and share to compete effectively. The two companies have a complementary top-tier deposit share in core markets with a top three share in most of their respective top 10 markets. The footprint of the combined company spans an economically diverse region that accounts for over 20% of the U.S. population and over 25% of U.S. GDP.

- **Shared commitment to local communities**: Both companies have been long recognized for their community commitments and longstanding support of civic organizations. Over the past decade, M&T, through The M&T Charitable Foundation, has donated $263.7 million to over 2,800 nonprofit organizations across eight states and the District of Columbia. M&T Bank has been awarded the

highest possible Community Reinvestment Act rating on every examination since 1982 from the Federal Reserve Bank of New York.

- People's United Community Foundation and People's United Community Foundation of Eastern Massachusetts has granted $40 million to nonprofits aligned with the Foundations' collective mission since its inception in 2007. Through the foundations, M&T will use $90 million to support charitable activities in the communities currently served by People's United.

- **Compelling financial impacts:** M&T expects the transaction to be immediately accretive to its tangible book value per share. It is further expected that the transaction will be 10-12% accretive to M&T's earnings per share in 2023, reflecting estimated annual cost synergies of approximately $330 million.

  Upon closing, Jack Barnes, Kirk Walters and three other current members of the board of directors of People's United will join M&T's board of directors.

  The merger has been unanimously approved by the boards of directors of each company. The merger is expected to close in the fourth quarter of 2021, subject to the satisfaction of customary closing conditions, including receipt of regulatory approvals and approval by the shareholders of each company.

  Lazard acted as financial advisor to M&T in connection with the transaction and Sullivan & Cromwell LLP served as legal advisor. Keefe, Bruyette & Woods, a Stifel Company, served as lead financial advisor to People's United. J.P. Morgan Securities LLC also served as financial advisor, and Simpson Thacher & Bartlett LLP served as legal advisor to People's United.

  \* \* \*

26.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that People's United's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     The Materially Incomplete and Misleading Registration Statement**

27.     On April 1, 2021 People's United and M&T jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the

Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses of People's United*

28.     With respect to KBW's *People's United Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by KBW in the analysis.

29.     With respect to KBW's *MTS Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by KBW in the analysis.

30.     With respect to KBW's *Selected Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by KBW in the analysis.

31.     With respect to KBW's *People's United Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) the consensus "street estimates" for People's United; (ii) the assumed long-term growth rates for People's United; (iii) the basis for applying discount rates ranging from 10.0% to 12.0%; (iv) the present value of implied future excess capital available for dividends that the Company could generate over the period from September 30, 2021 through December 31, 2026 as a standalone company; (v) the present value of the Company's implied terminal value at the end of December 31, 2026; (vi) the basis for assuming that the Company

would maintain a tangible common equity to tangible assets ratio of 7.50% and would retain sufficient earnings to maintain that level; and (vii) the basis for applying a range of 11.0x to 13.0x to the Company's estimated 2026 earnings to arrive at the implied terminal values for the Company.

32.     With respect to KBW's *M&T Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) the consensus "street estimates" for M&T; (ii) the assumed long-term growth rates for M&T; (iii) the basis for applying discount rates ranging from 10.0% to 12.0%; (iv) the present value of implied future excess capital available for dividends that M&T could generate over the period from September 30, 2021 through December 31, 2026 as a standalone company; (v) the present value of M&T's implied terminal value at the end of December 31, 2026; (vi) the basis for assuming that M&T would maintain a tangible common equity to tangible assets ratio of 7.50% and would retain sufficient earnings to maintain that level; and (vii) the basis for applying a range of 11.0x to 13.0x to M&T's estimated 2026 earnings to arrive at the implied terminal values for M&T.

33.     With respect to KBW's *Pro Forma Dividend Discount Model Analysis*, the Registration Statement fails to disclose: (i) the consensus "street estimates" for People's United and M&T; (ii) the assumed long-term growth rates for People's United and M&T; (iii) the basis for applying discount rates ranging from 10.0% to 12.0%; (iv) the present value of implied future excess capital available for dividends that the pro forma combined entity could generate over the period from September 30, 2021 through December 31, 2026; (v) the present value of pro forma combined entity's implied terminal value at the end of December 31, 2026; (vi) the basis for assuming that pro forma combined entity would maintain a tangible common equity to tangible assets ratio of 7.50% and would retain sufficient earnings to maintain that level; (vii) the basis for

applying a range of 11.0x to 13.0x to pro forma combined entity's estimated 2026 earnings to arrive at the implied terminal values for pro forma combined entity; and (vii) estimated cost savings and related expenses, purchase accounting and other merger-related adjustments and restructuring charges.

34.     With respect to J.P. Morgan's *People's United Public Trading Multiples Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by J.P. Morgan in the analysis.

35.     With respect to J.P. Morgan's *People's United Dividend Discount Analysis*, the Registration Statement fails to disclose the basis for utilizing the following assumptions in calculating a range of implied values for the Company: (i) a five-year dividend discount model; (ii) a terminal value based on 2026 estimated net income and a multiple range of 11.0x to 13.0x; (iii) the basis for applying cost of equity range of 10.5% to 11.5%; (iv) target tangible common equity to tangible assets ratio of 7.5%; and (v) the cost of excess capital of 1.00% (pre-tax).

36.     With respect to J.P. Morgan's *M&T Public Trading Multiples Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by J.P. Morgan in the analysis.

37.     With respect to J.P. Morgan's *M&T Dividend Discount Analysis*, the Registration Statement fails to disclose the basis for utilizing the following assumptions in calculating a range of implied values for M&T: (i) a five-year dividend discount model; (ii) a terminal value based on 2026 estimated net income and a multiple range of 11.0x to 13.0x; (iii) the basis for applying cost of equity range of 10.5% to 11.5%; (iv) target tangible common equity to tangible assets ratio of 7.5%; and (v) the cost of excess capital of 1.00% (pre-tax).

38.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

41.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, the financial analyses performed by the Financial Advisors and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

42.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

43.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

44.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## <u>COUNT II</u>

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of People's United within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of People's United, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of People's United, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of People's United, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

49.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.   The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.   The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52.     Plaintiff has no adequate remedy at law.   Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 5, 2021                              **MELWANI & CHAN LLP**

                                        By:   */s/ Gloria Kui Melwani*
                                                Gloria Kui Melwani (GM5661)
                                                1180 Avenue of the Americas, 8th Fl.
                                                New York, NY 10036
                                                Telephone: (212) 382-4620
                                                Email: gloria@melwanichan.com